IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AEGIS 11 S.A., <br><br> Plaintiff, <br><br> v. <br><br> NETGEAR, INC., <br><br> Defendant. | Civil Action No. 19-1162- RGA |
| AEGIS 11 S.A., <br><br> Plaintiff, <br><br> v. <br><br> ROKU, INC., <br><br> Defendant. | Civil Action No. 19-1163-RGA |

MEMORANDUM OPINION

Timothy Devlin, DEVLIN LAW FIRM LLC, Wilmington, DE,

Attorney for Plaintiff.

Steven J. Balick, Andrew C. Mayo, ASHBY & GEDDES, Wilmington, DE; Kent E. Baldauf, Jr., Bryan P. Clark, THE WEBB LAW FIRM, Pittsburgh, PA,

Attorneys for Defendants Netgear, Inc. and Roku, Inc.,

August 30, 2021

*/s/ Richard G. Andrews*
ANDREWS, U.S. DISTRICT JUDGE:

Before the Court is Defendants' Partial Motion to Dismiss for Failure to State a Claim. (D.I. 29; C.A. No. 19-1163, D.I. 27). I have considered the parties' briefing. (D.I. 30, 32, 33)[1].

In substantially similar complaints, Plaintiff alleged that Defendants Netgear and Roku infringed U.S. Patent Nos. 6,839,553 ("the '553 Patent"), 9,848,443 ("the '443 Patent"), and 9,584,200 ("the '200 Patent"). (D.I. 1).

Defendants filed a motion to dismiss for failure to state a claim, arguing that the '535 patent is not directed to patent-eligible subject matter. (D.I. 10). I referred the motion to a Magistrate Judge who issued a Report and Recommendation recommending that Defendants' motion be granted. (D.I. 17).

The Magistrate Judge analyzed the '553 Patent and its Claim 1 under the two-step test set forth in *Alice Corporation v. CLS Bank International*. 573 U.S. 208 (2014). The Magistrate Judge determined that Claim 1 of the '553 Patent "was directed to the abstract idea of generating and using random numbers for the purpose of mutual authentication." (D.I. 17 at 7). The Report found, "Claim 1 describes the exchange of random numbers between the mobile station and the wireless communication network without a recitation of steps or rules for generating the random numbers or explaining how those random numbers achieve the claimed mutual authentication." (*Id.* at 10 (citing '553 Patent at col 8:44-58)). With this determination in mind, the Magistrate Judge concluded that Claim 1 "contains only functional, results-oriented limitations that offer no concrete solution to the problem of mutual authentication." (*Id.* at 11). Claim 1 thus "amounts to an abstract idea. (*Id.*). The Report and Recommendation also determined that "the efficiencies

---

[1] I cite only to the 19-1162 docket, unless otherwise specified. The rulings here apply to the same briefing as filed in this case and C.A. No. 19-1163-RGA.

allegedly gained by combining these separate authentication steps into a mutual authentication process do not render the claim patent-eligible where, as here, claim 1 recites only results-based, functional language without articulating how to achieve the stated goal of mutual authentication in a non-abstract way." (*Id.* at 9).

The Report and Recommendation proceeded to *Alice* Step Two and concluded, "[C]laim 1 of the '553 patent lacks an inventive concept that would otherwise render it patent eligible." (*Id.* at 16). This conclusion was based on findings that "one-way authentication protocols and the associated network elements required for the authentication process were known, as was the combination of the recited elements." (*Id.* at 15; *see also id.* at 6-14). And, the Magistrate Judge stated, "The added efficiencies allegedly gained through the mutual authentication process do not amount to an inventive concept because they result from the application of the abstract idea itself." (*Id.* at 16). As the '553 Patent was directed to an abstract idea and lacked an inventive concept, the Magistrate Judge recommended dismissal of Count I of the Complaint. (*Id.*).

I adopted the Report and Recommendation over Plaintiff's objections and granted Defendants' motion to dismiss without prejudice. (D.I. 20).

Plaintiff filed a First Amended Complaint. (D.I. 27). The First Amended Complaint asserts a fourth patent, U.S. Patent No. 9,350,434 ("the '434 Patent") and contains new allegations regarding Defendants' alleged infringement of the '553 Patent. (*Id.* at 6, 8-9, 20-22). Defendants filed the instant motion to dismiss Count I of the First Amended Complaint for failure to state a claim. (D.I. 29).

Plaintiff's First Amended Complaint contains eight new paragraphs with allegations concerning the '553 Patent. (D.I. 27 at ¶¶ 29-30, 35-40).

Plaintiff's new paragraphs allege that at the time of the inventions of the '553 Patent, "it was not common to have shared secret mutual authentications," and "OTAPA ["Over-the-Air Parameter Administration"] was still little-known." (D.I. 27 at ¶¶ 29-30). Further, the new allegations tout the supposed advantages and improved methods of the '553 Patent. (*Id.* at ¶¶ 35-40). Specifically, the First Amended Complaint provides that the '553 Patent "teaches improved methods for managing operational parameters in mobile stations in wireless networks," "is itself innovative," and provides "advantages" over prior art methods. (*Id.*).

These allegations do not resolve the issues that the Magistrate Judge identified in the Report and Recommendation. The Report and Recommendation concluded, "[C]laim 1 recites only results-based, functional language without articulating how to achieve the stated goal of mutual authentication in a non-abstract way." (D.I. 17 at 9). Plaintiff's additional allegations do not change the fact that Claim 1 consists of "results-based, functional language" that does not articulate "how to achieve the stated goal of mutual authentication in a non-abstract way." (*See id.*). Regardless of Plaintiff's contentions pertaining to the advantages of the '553 Patent's teachings or how well-known mutual authentication was, the new allegations do not change the language of the patent, which the Report and Recommendation determined lacked the "'specificity required to transform a claim from one claiming only a result to one claiming a way of achieving it.'" (*Id.* at 10 (quoting *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018)).

As the allegations in Plaintiff's First Amended Complaint do not resolve the issues identified in the Report and Recommendation (which I adopted), I conclude that the '553 Patent is directed to patent ineligible subject matter. Therefore, Defendant's Partial Motion to Dismiss

for Failure to State a Claim (D.I. 29; C.A. No. 19-1163, D.I. 27) is **GRANTED** and Count I of the First Amended Complaint is **DISMISSED** with prejudice.

I will enter a separate order.